## ARMSTRONG a. FOOTE.

*Brooklyn City Court; December Term,* 1860.

JURISDICTION.—PERSONAL TORT WITHOUT THE STATE.

The courts of the State of New York have jurisdiction of actions for personal torts committed upon citizens of the State of New York, outside the territorial limits of the State.

An action can be maintained in a State court for a tort committed upon one of its citizens within the limits of the Brooklyn Navy Yard.*

Motion to vacate order dismissing complaint.

This was an action to recover damages for an assault and battery and false imprisonment committed on plaintiff by defendant's orders on the 4th April, 1860. It was alleged that on the day mentioned, the plaintiff, who was employed as a laborer in the Brooklyn Navy Yard, was arrested without process by the defendant, who was the executive officer of the yard, and kept in the guard-house for about four hours, and until a warrant was procured for an assault and battery committed by him the day previous upon Lieutenant Almy, outside of the yard, in the city. On the part of the defendant, it was asserted that plaintiff made threats against Lieutenant Almy, and that he was merely detained to prevent him from executing such threats. It appears that the assault and imprisonment complained of in this action were committed within the Brooklyn Navy Yard, and at the close of the case for the plaintiff, on motion of defendant's counsel, the court dismissed the complaint. The present motion was to vacate that order.

*Henry A. Moore* and *B. D. Silliman,* for defendant.—An action for a personal tort can only be sustained in the courts of the State where it was committed. (Moloney *a.* Dows, 8

---

* Overrules a previous decision reported in 19 *How. Pr.*, 237.

*Abbotts' Pr.*, 316.) The ground occupied at Brooklyn as a United States Navy Yard, with the exclusive jurisdiction thereover, was ceded to the United States by the State of New York, and an action for a tort committed therein could only be sustained in the courts of the United States. The courts of the State of New York have no jurisdiction within the Navy Yard, and the principle precluding jurisdiction in criminal cases, applies in personal actions like the present. (Moloney *a.* Dows, *Supra;* 2 *Kent's Com.*, 474.)

*James Troy*, for the plaintiff.—The decision in the case of Moloney *a.* Dows has no application as authority here. Moloney and Dows were both resident citizens of the State of California, and the tort for which the action was brought, was committed there. They were both foreigners, therefore, as far as the courts of New York were concerned, and the tort was in a foreign State. In this case the plaintiff is a citizen of the State of New York, consequently the action is not between two foreigners for a tort committed in a foreign State. A distinction exists in point of jurisdiction between actions between foreigners for a tort committed in a foreign country, and actions for a tort upon one of our own citizens in a foreign country. In the former case, our courts may take cognizance, but the exercise of jurisdiction cannot be claimed *ex debito justiciæ;* and on principles of comity, as well as to prevent the frequent and serious injuries that would result from doing this in cases indiscriminately, they have exercised a sound discretion in entertaining jurisdiction or not, according to circumstances. (Gardner *a.* Thomas, 14 *Johns.*, 134 ; Johnson *a.* Dalton, 1 *Cow.*, 543.) In the latter case our courts have jurisdiction, and the exercise of that jurisdiction is not only a right, but a duty, "like the natural right of self-defence in individuals ; the right of protecting its own members from outrage, is an inherent right in every organized community." This distinction was recognized in Moloney *a.* Dows, although the precise question was not before the court, and any decision of it would be at best but *obiter dicta.* The distinction is also recognized by the Constitution of the United States, for it gives jurisdiction to the courts of the United States of actions between aliens and citizens, but not of actions between aliens entirely. The reason is obvious. We are

bound to protect our own citizens, and claim to adjudicate whenever their rights come in question. (See Moloney *a.* Dows, 8 *Abbotts' Pr.*, 316; *Const. U. S.*, art. 3, ·§ 2.) The United States courts have no common-law jurisdiction, and cannot entertain an action for a tort committed in a Navy Yard or elsewhere, unless the action is between citizens of different States, or citizens and aliens, in which case it is the character of the litigants, and not the *locus in quo*, which gives jurisdiction. (See Dred Scott Case.) National ships in commission on the high seas, are, by the law of nations, considered as an integral part of the national territory, exclusively under the jurisdiction of the laws of the nation to which they belong; as is the Navy Yard. Yet in the case of Wilson *a.* McKenzie, which was an action for a tort committed in a national ship (the brig "Somers") on the high seas, it was held "that trespass may be maintained in the courts of this State against an officer of the navy for illegally assaulting and imprisoning one of his subordinates, though the act was done upon the high seas under color of naval discipline." (Wilson *a.* McKenzie, 7 *Hill*, 95.) Again, in Moloney *a.* Dows, the defendant was charged with getting up a treasonable insurrection in California, and as an officer of the Vigilance Committee, committed the assault and imprisonment complained of on the plaintiff in the course of hostilities. This was put in issue by the answer. A verdict would determine the fact. The court says: "It is the settled policy of these States to abstain from all interference with such disturbances arising within the borders of a foreign country; it would be a violation of comity, and an offence against the laws of a sister State, to allow her citizens to prosecute actions here against their fellow-citizens, for acts arising within her borders, for which she denies a remedy." No such question arises in the present case; and the principle which would confine the jurisdiction in actions of tort to the courts of the State in which it occurred, would go further if correct, and confine jurisdiction in such actions to the courts in the county where it was committed. (1 *Comst.*, 537; *Federalist*, 82; Smith *a.* Bull, 17 *Wend.*, 323.)

CULVER, J.—I am satisfied, on a full review of the evidence, exceptions, and rulings in this case, that the action can be sus-

tained in the courts of this State, though the injury was committed in the Navy Yard. The case of Moloney *a.* Dows (8 *Abbotts' Pr.*, 316), can have no application to this action. The order dismissing the complaint must be set aside, with costs of former trial, and $10 costs of this motion to abide event.

Order accordingly.

---

## BROWN *a.* BUCKINGHAM.

*Supreme Court, First District; Special Term, December*, 1860.

### PLEADING.—COUNTER-CLAIM.

In an action to recover possession of personal property delivered to defendant under a contract, defendant may set up as a counter-claim, a lien arising in his favor by virtue of the same contract. There is no reason why, in an action for the possession of personal property, all the claims of either party against the other, arising out of the transaction set forth in the complaint, may not be determined, as well as in an action technically on contract.[*]

But it is not enough to aver that the alleged counter-claim arose out of the transaction set forth in the complaint. The facts which show this to be so must be averred. *So held*, on demurrer.

Demurrer to complaint.

The plaintiffs stated in their complaint, that they were the owners, and entitled to the immediate possession, of three hundred and twenty-five pounds of silk, of the value of one thousand dollars, which was delivered to the defendant for the special purpose of being manufactured into sewing or fringe silk, and which had been so manufactured; and which silk the defendant illegally detained, after demand thereof; and they demanded judgment for the possession of the silk, or for one

---

[*] To the contrary is Gottler *a.* Babcock (7 *Ante*, 392, note), but compare Lignot *a.* Redding (4 *E. D. Smith*, 285); Piser *a.* Stearns (1 *Hill.*, 86); Murden *a.* Priment (*Ib.*, 75); Merrick *a.* Gordon (20 *N. Y.* (6 *Smith*), 93); Edgerton *a.* Page (10 *Ante*, 119).